UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELA PACE,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

                Defendant.

CASE NO. 3:15-cv-05419 JRC

ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). *See* Dkt. 23. Defendant has no objection to plaintiff's motion. *See* Dkt. 24.

      The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

1 | *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first
2 | to such agreement and will conduct an independent review to assure the reasonableness of the
3 | fee requested, taking into consideration the character of the representation and results achieved.
4 | *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the
5 | fee agreement is the primary means for determining the fee, the Court will adjust the fee
6 | downward if substandard representation was provided, if the attorney caused excessive delay, or
7 | if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151
8 | (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

9 | Here, the representation was standard, at least, and the results achieved excellent (*see*
10 | Dkt. 23, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808. Following a stipulated remand
11 | from this Court for further consideration (*see* Dkt. 17), plaintiff was awarded benefits. There has
12 | not been excessive delay and no windfall will result from the requested fee.

13 | Plaintiff's total back payment was $77,140.00 (*see* Dkt. 23, Attachment 3, p. 2). Plaintiff
14 | has moved for a net attorney's fee of $13,285.00 (*see* Dkt. 23), and the Court has considered
15 | plaintiff's gross attorney's fee of $19,034.09 and the EAJA award received by plaintiff's
16 | attorney in the amount of $5,749.09. *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221
17 | (9th Cir. 2012).

18 | Based on plaintiff's unopposed motion and supporting documents (*see* Dkt. 23,
19 | Attachments 1, 3, 4, 5, 6), it is hereby ORDERED that plaintiff's attorney, Eitan Kassel Yanich,
20 | Esq., is awarded attorney's fees in the amount of $19,034.09, pursuant to 42 U.S.C. § 406(b),
21 | reduced by the EAJA fees of $5,749.09 that were previously awarded, plus an additional
22 | voluntary reduction of $250.91, leaving a net fee of $13,285.00. When issuing the 42 U.S.C. §
23 | 406(b) check for payment to plaintiff's attorney, Social Security is directed to send to plaintiff's
24 |

attorney the net balance of $13,285.00, minus any applicable processing fees as allowed by statute. The Social Security Administration is to release the remaining backpay (the previously awarded EAJA fees in the amount of $5,749.09) to plaintiff.

Dated this 31st day of January, 2018.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING UNOPPOSED MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3